UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | CASE NO. 05-254 M |
| v. ) | |
| KENNETH MITRA, ) | DETENTION ORDER |
| Defendant. ) | |

Offenses charged:

    Counts 1-10:  Mail Fraud, in violation of Title 18, U.S.C., Section 1341.

Date of Detention Hearing:  May 20, 2005.

    The Court conducted both a detention hearing pursuant to Title 18 U.S.C. § 3142(f) and a preliminary Rule 5(c)(3) inquiry.  The defendant waived his rights to a full Rule 5(c)(3)(D) hearing and the Court signed an order of transfer to the originating district court of the District of Minnesota to answer the charges.

    The detention hearing was contested, and the defendant may address the issue of detention in Minnesota.  Moreover, based upon the factual findings and statement of reasons for detention hereafter set forth, the Court finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.  The Government was represented by Leonie Grant.  The defendant was represented by Robert Gombiner.

    The Government argued for detention, stating that the defendant poses a flight risk given his history of evading legal responsibilities in a Federal Trade Commission (FTC) civil complaint and default judgment as tied to this instant offense.  Supporting its position, the

Government asserted that although civil complaint was filed against the defendant and his company July 2002, following proper service in Canada, a default against the defendant was entered February 2004. A demand letter was sent to the defendant May 2004, with no response by the defendant. Finally, in March 2005, the Treasury referred the matter to a private collection agency.

Specifically this criminal action involves $3 million dollars owed to ninety-seven alleged victims, and the estimated loss in the case exceeds $1.5 million dollars. Commensurate with this loss value, the Government estimated the projected sentence of the defendant to be 41-51 months, thus, giving the defendant additional motive to flee.

The Government conceded that the defendant has no prior criminal record, however maintained that an elevated risk of flight exists given the defendant's lack of response in the civil matter from 2002-2005, his lack of respect for the civil judicial process, and the substantial financial loss to the victims from the serious nature of these charges.

The defense argued for release of the defendant and concurred with the recommendation of U.S. Pre-trial Services for release. The defense admitted there is a civil judgment against the defendant, however, it maintained that the defendant has not entirely been out of touch with the procedures. The defense asserted that the defendant wrote a letter to the FTC regarding his debt, requesting a payment schedule. Additionally, the defense alleged the defendant paid more on the judgment than the Government asserted, and stated the defendant is actively engaged in making payments. Finally, the defense maintained that the defendant was never apprised of the warrant issued for his arrest, therefore he never had an opportunity to surrender.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) The Court is not persuaded that the defendant is not a flight risk. The

        defendant is a Canadian citizen, with no ties to this district or the District of Minnesota.

   (2) The default judgment related to this instant offense is significant with an outstanding debt of over $3 million dollars.  Moreover, the Court views that the information provided did not demonstrate that the defendant was unaware of the judgment in 2004; it did, however, suggest the contrary, that the defendant remained unavailable despite the judgment.  This does show an inclination to flee.

   (3)  Due to the nature and seriousness of the crime alleged, release of the defendant would pose a risk of flight.

Thus, there is no condition or combination of conditions that would reasonably assure future court appearances.

**It is therefore ORDERED:**

   (l)  Defendant shall be detained pending trial and committed to the custody of the  Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal;

   (2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

   (3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the correctional facility in which Defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

   (4) The clerk shall direct copies of this order to counsel for the United States,

to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 23rd day of May, 2005.

_____
MONICA J. BENTON
United States Magistrate Judge

DETENTION ORDER
PAGE -4-